UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALEC TABAK,

                      Plaintiff,

   - against -

TOWNSQUARE MEDIA, INC.

                     Defendant.

Docket No. _____

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Alec Tabak ("Tabak" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Townsquare Media, Inc. ("Townsquare" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of two photographs of American rapper Roland Collins otherwise known as Troy Ave, owned and registered by Tabak, a New York City based photojournalist. Accordingly, Tabak seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or are transacting business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Tabak is a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 32 Leroy Street, Apt. 10, New York, New York 10014. Tabak's photographs have appeared in many publications around the United States.

6. Upon information and belief, Townsquare is a corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 900 3rd Avenue, New York, New York 10022. At all times material hereto, Townsquare has operated their Twitter social media page (the "Twitter Page").

## STATEMENT OF FACTS

**A.  Background and Plaintiff's Ownership of the Photographs**

7. On May 26, 2016, American rapper Roland Collins was arrested for attempted murder and illegal weapon possession while at a concert where four people were shot. The incident garnered national attention.

8. On or about May 31, 2016, Tabak photographed Tory Ave in Manhattan Criminal Court. On or about July 11, 2016, Tabak photographed Rapper Tory Ave coming out of Manhattan Criminal Court after being set free on a $500,000 bond (the "Photographs"). A true and correct copy of the Photographs are attached hereto as Exhibit A.

9. Taback then licensed the Photographs to The New York Daily News. On May 31, 2016, The New York Daily News ran an article that featured one of the Photographs on its web

edition entitled *Rapper charged in deadly Irving Plaza shooting claims to be the real victim*. See http://www.nydailynews.com/new-york/nyc-crime/rapper-charged-irving-plaza-shooting-claims-victim-article-1.2654978. On June 11, 2016, The New York Daily News ran another article that featured one of the Photographs on its web edition entitled *Rapper Troy Ave freed on $500G bond as authorities continue to investigate fatal shooting at Irving Plaza T.I. concert*. See http://www.nydailynews.com/new-york/nyc-crime/troy-ave-free-bail-authorities-investigate-fatal-shooting-article-1.2707296. Tabak's name was featured in a gutter credit identifying him as the photographer of the Photographs. A true and correct copy of the Photographs on the Twitter Page are attached hereto as Exhibit B.

10. Tabak is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

11. The Photographs were registered with the United States Copyright Office and were given Copyright Registration number VA 2-013-887.

**B.     Defendant Infringing Activities**

12. Upon information and belief, on or about June 2, 2016 Defendant copied the Photographs and placed it on their Twitter Page. See https://twitter.com/xxl/status/738534436371849216 and https://twitter.com/xxl/status/762765363146792961. A true and correct copy of the Twitter Page is attached hereto as Exhibit C.

13. Defendant did not license the Photographs from Plaintiff for its Twitter page, nor did Defendant have Plaintiff's permission or consent to publish the Photographs on its Twitter page.

**FIRST CLAIM FOR RELIEF**

## **(COPYRIGHT INFRINGEMENT AGAINST TOWNSQUARE)**
### (17 U.S.C. §§ 106, 501)

14. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

15. Defendant infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Twitter Page. Defendant is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

16. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17. Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

18. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant profits pursuant to 17 U.S.C. § 504(b) for the infringement.

19. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

20. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

21.     Defendant conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages.  Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST TOWNSQUARE
## (17 U.S.C. § 1202)

22.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-21 above.

23.     Upon information and belief, in its Twitter Page Townsquare intentionally and knowingly removed copyright management information identifying Plaintiff as the owner of the Photographs.

24.     The conduct of Townsquare violates 17 U.S.C. § 1202(b).

25.     Upon information and belief, Townsquare's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

26.     Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Townsquare intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photographs. Townsquare also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photographs.

27.     As a result of the wrongful conduct of Townsquare as alleged herein, Plaintiff is entitled to recover from Townsquare the damages, that he sustained and will sustain, and any

gains, profits and advantages obtained by Townsquare because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

28. Alternatively, Plaintiff may elect to recover from Townsquare statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant profits, gains or advantages of any kind attributable to Defendant infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

      6.       That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

      7.       That Plaintiff be awarded pre-judgment interest; and

      8.       Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
       October 6, 2016

                              LIEBOWITZ LAW FIRM, PLLC

                              By: /s/Richard Liebowitz
                                    Richard P. Liebowitz
                              11 Sunrise Plaza, Suite 305
                              Valley Stream, NY 11580
                              Tel: (516) 233-1660
                              RL@LiebowitzLawFirm.com

                              *Attorneys for Plaintiff Alec Tabak*